## HUTCHISSON ET AL. vs. GOVERNOR, USE &c.

1. In an action against a sheriff and his sureties, for an alleged escape of a debtor in custody under bail process, an allegation in the declaration that the *capias* was "marked and endorsed for bail," is sufficient to show that he was required by the process placed in his hands to hold the defendant to bail.

2. A debtor in custody under bail process, who wishes to discharge himself by rendering a schedule of his property under the statute, (Clay's Digest 70 § 3,) may make his application for a discharge to any justice of the peace, and the latter is authorized to act upon it alone. (Overruling Morrow & Nelson v. Weaver & Frow, 8 Ala. 295, which held that the application must be made to two justices of the peace or a judge.)

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

C. W. RAPIER, for appellants :

1. The court erred in overruling the demurrer to the declaration. The averment that the *capias* was "marked and endorsed for bail," was not sufficient.—1 Saunders' Pl. & Ev. 188, 479; 2 Chitty's Pleading 739, 446, and notes; Nightingale v. Wilcoxon, 15 E. C. L. R. 57; Sharpe v. Abbey, *ib.* 413.

2. The demurrer to the second plea should have been overruled. The plea shows that the debtor was legally discharged. —Clay's Digest 70 § 3. The act of 1839 authorizes one justice to hear such an application. The case of Morrow & Nelson v. Weaver & Frow, 8 Ala. 295, is not conclusive of this case.— That was a suit on a prison-bounds bond, and the question in this case was not there directly presented. But, even if the

proceedings were irregular, they were sufficient to justify the sheriff.—3 Porter 257 ; 5 Wend. 170; 1 Denio 146 ; 5 Barbour's S. C. R. 273.

Wm. Boyles, *contra*, contended:

1. That the demurrer to the declaration was properly overruled.—2 Chitty's Pleading 419, 420, 739 ; 1 Saunders' Pl. & Ev. 188, 189.

2. That the demurrer to the plea was properly sustained.—One magistrate had no jurisdiction in such a case. The acts of 1807, 1811, 1821, 1833 and 1839, form parts of a system, and are to be construed in *pari materia*.—Wade v. Judge, 5 Ala. 130 ; Morrow & Nelson v. Weaver & Frow, 8 Ala. 295. To justify a sheriff for discharging a prisoner under an order of a judge, the subject matter of the order must appear to be within the jurisdiction of the judge, and it must be the precise order which the statute authorized him to make.—5 Barbour's S. C. R. 273, and cases there cited; *ib.* 37; 15 Johns. 152; 3 Cranch 231.

CHILTON, C. J.—This was an action of debt by the defendant in error against Hutchisson and his sureties, as sheriff of Mobile County, brought upon his official bond, for an alleged escape permitted by the sheriff (Hutchisson) of one Henry Fleshman, then in his custody by virtue of bail process in favor of Chesborough & Bowers.

There was a demurrer to the declaration, upon the ground that it did not sufficiently allege that the sheriff was required by the process placed in his hands to hold the party defendant to bail. The allegation is, that the *capias* " was marked and endorsed for bail." The demurrer was overruled, and we think very properly. Although this averment is not very formal, yet, in substance, it conforms to the precedents, being sufficient to show that the sheriff was directed to require bail of the defendant.

2. The defendants in the court below, among other things, pleaded that the said Henry Fleshman, after the arrest and while in custody of the sheriff, appeared before William Brooks, then an acting justice of the peace for Mobile County, and took the oath prescribed (by § 3 Clay's Digest p. 71) to be taken by

insolvent debtors under arrest, and who sought to be discharged by rendering a schedule of their property, which oath was contested by the plaintiffs in the process ; that the issue thus tendered was tried before said justice, and found by a jury in favor of Fleshman, the prisoner, who was thereupon ordered to be discharged from the custody of the sheriff, and was so discharged by virtue of and in obedience to said order. All the proceedings, with a copy of the schedule, are set out *in extenso* in the plea. The court sustained a demurrer to this plea, and the question is presented whether it presents a good defence to the action.

According to the act of 1839, if the party arrested fail to controvert on oath the ground upon which process for his arrest was obtained, "then such debtor may discharge himself from said arrest, by rendering a schedule of all the estate, effects, choses in action and moneys which he has in possession, or is entitled to, and taking the subjoined oath before any one authorized to administer the same," &c. (Here follows the precise oath taken by the defendant, Fleshman, as set out in this record.) And if the plaintiff shall desire to controvert the truth of such oath or schedule, then, on making oath that he believes the same to be untrue, any justice of the peace shall be authorized to summon a jury of twelve men, *instanter,* to try the question whether said oath or schedule is untrue and fraudulent or not ; and said jurors shall be liable to the challenge of either party, as in civil cases."

The next section provides : " In the event a debtor shall be convicted, by the verdict of a jury, of rendering a false or fraudulent schedule of his estate, he shall be sentenced to imprisonment for a period not exceeding one year ; *provided,* that either the creditor or debtor may appeal to the circuit or county court," &c.

The object and design of this act was to prevent honest debtors, who possessed nothing subject to the payment of their debts, or who were willing to make a surrender of what they had, as well as those who had been arrested upon false allegations of fraud &c., from being detained in confinement, and it provides a speedy mode for their release.

If the debtor shall make the oath prescribed in the second section, (Clay's Digest p. 70,) before any person authorized to

administer the same, "then he shall," in the language of the act, "be released by the arresting officer immediately." It does not require a formal discharge to be obtained from a judge or court. The debtor is not to be detained in custody until all his creditors can be notified, but the oath required by this section, subscribed and sworn to before some officer legally qualified to administer such oath, is all that is required. He is to be thereupon discharged *immediately*, and this oath is the arresting officer's authority for such discharge.

If, however, he does not take the oath, that the particular ground upon which he is arrested is untrue, &c., he may discharge *himself from arrest* by rendering a schedule, &c.; and if the plaintiff does not desire to controvert this schedule, and the oath attached to it, this operates his discharge. If, however, he does controvert, and makes the required oath, a jury is to come *instanter* to try the issue before a justice of the peace, who proceeds to try the issue and to give judgment according as the jury may find the one way or the other. If the issue be found against the debtor, a heavy penalty is to be inflicted; but if his schedule be found true and honest, we are not permitted to entertain a doubt as to the duty of the justice to declare that the debtor be discharged from the arrest. The question as to how the effects embraced in his schedule shall be disposed of, is not before us. Neither are we called on to decide whether it is the duty of the debtor or officer holding him in custody to give any, and what, notice of the proceeding for the discharge by rendering a schedule ; for in the case before us, the creditor appeared and contested, thus dispensing with notice, if any was necessary. What is said in the case of Morrow & Nelson v. Weaver & Frow, in 8 Ala. 295, if intended to apply to a case like the one before us, requiring the application to be made before a judge or two justices of the peace for a discharge, who are to hear and determine upon it, and holding that one justice may nevertheless try the truth and fairness of the schedule, is opposed to the statute, as we conceive, and cannot be supported as the law. The plea was good, and should have been sustained.

Let the judgment be reversed, and the cause remanded.